## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| PAULINE MEAS and PM&S, LLC, )<br>      Plaintiffs, )<br>)<br>v. )<br>)<br>GREENPOINT MORTGAGE FUNDING, )<br>INC.; CITIGROUP GLOBAL MARKETS )<br>REALTY CORP.; WATERFALL )<br>VICTORIA MASTER FUND, LTD; )<br>WATERFALL VICTORIA DEPOSITOR, )<br>LLC; and WATERFALL VICTORIA )<br>MORTGAGE TRUST 2011-SBC1, )<br>)<br>      Defendants. )<br>) | C.A. No. 12-438-M |

### MEMORANDUM AND ORDER

Before this Court is a Motion to Dismiss by defendants Waterfall Victoria Master Fund, LTD, Waterfall Victoria Depositor, LLC and Waterfall Victoria Mortgage Trust 2011-SBC1 ("Waterfall Defendants").[1] (ECF No. 8.) Waterfall Defendants seek to dismiss Plaintiffs' action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because it fails to state a claim upon which relief can be granted. After careful consideration, this Court GRANTS Waterfall Defendants' Motion to Dismiss.

### I.    FACTS

On April 21, 2006, Plaintiff Pauline Meas purchased the property located at 2-6 Pontiac Avenue, Providence, R.I. 02907. (ECF No. 1 at 4.) The mortgage, identifying Ms. Meas as a "borrower" and GreenPoint Mortgage Funding, Inc. (GreenPoint) as the lender, was recorded in

---

[1] Defendants GreenPoint Mortgage Funding, Inc. and Citigroup Global Markets Realty Corp. were never served with a summons and the complaint, and therefore the claims against them are dismissed for lack of service.

the City of Providence, Clerk's Office. *Id.* As of August 20, 2007, GreenPoint was closed and no longer in business. *Id.* On March 11, 2009, Ms. Meas transferred her interest in the property to a business entity she created and owns (PM&S, LLC). *Id.* On January 10, 2012, GreenPoint purportedly assigned its interest in the mortgage loan to CitiGroup. *Id.* The same day, CitiGroup assigned its interest in the mortgage loan to Waterfall Victoria Master Fund, LTD. *Id.* at 5. Also on that day, Waterfall Victoria Master Fund, LTD assigned its interest in the mortgage loan to Waterfall Victoria Depositor, LLC. *Id.* Finally, on that same day, Waterfall Victoria Depositor, LLC assigned its interest to Waterfall Victoria Mortgage Trust 2011-SBC1 ("Waterfall Trust"). *Id.*[2]

On April 13, 2012, the Waterfall Trust initiated foreclosure action against Plaintiffs' property. *Id.* On June 7, 2012, Plaintiffs filed this suit seeking declaratory and injunctive relief. *Id.* Plaintiffs allege that these foreclosure proceedings are invalid because the Waterfall Trust is not the proper assignee of their mortgage and/or note because the original assignment from GreenPoint to CitiGroup was defective because GreenPoint was a "closed" business as of 2007. *Id.*

## II.    STANDARD OF REVIEW

In reviewing a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court accepts as true the well-pleaded factual allegations of the complaint and draws all reasonable inferences in favor of the plaintiff. *See Cook v. Gates*, 528 F.3d 42, 48 (1st Cir. 2008); *McCloskely v. Mueller*, 446 F.3d 262, 266 (1st Cir. 2006). To withstand "a motion to dismiss, a complaint must allege 'a plausible entitlement to relief.'" *ACA Fin. Guar. Corp. v. Advest, Inc.*, 512 F.3d 46, 58 (1st Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550

---

[2]  All of these assignments were recorded in the City of Providence Clerk's office. *Id.* at 4-5.

U.S. 544 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-87 (2009). "[A] plaintiff . . . is . . . required to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gooley v. Mobile Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988).

Moreover, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

## III.   ANALYSIS

Plaintiffs allege that GreenPoint was "closed" in 2007 prior to GreenPoint's purported assignment to Citigroup, rendering the assignment invalid. Plaintiffs further contend that because this initial assignment was defective, the Waterfall Trust is not the proper assignee of Plaintiffs' mortgage and/or note. Consequently, they contend, the foreclosure actions initiated by the Waterfall Trust against their property are also invalid.

The only potentially relevant assertion Plaintiffs make in support of their action against these Defendants is that GreenPoint was "closed" at the time of its 2012 assignment to CitiGroup and therefore the Waterfall Trust is not the proper assignee. However, this solitary factual assertion is insufficient to support the ultimate legal conclusion that GreenPoint lacked legal authority to assign the mortgage at the time of the assignment. Plaintiffs do not assert any facts that would support the legal conclusion that GreenPoint lacked the legal authority to act, for example, that GreenPoint was dissolved (be it voluntarily or involuntarily) prior to its assignment

to Citigroup and therefore ceased to exist as a legal entity.   Plaintiffs have only offered a formulaic recitation of the elements necessary to support their request for relief; these threadbare legal conclusions are insufficient to set forth plausible entitlement to relief that would permit them to proceed in this matter and therefore they have failed to state a claim upon which relief can be granted.

As such, this Court GRANTS Waterfall Defendants' Motion to Dismiss.   (ECF No. 8.)

IT IS SO ORDERED.

_____

John J. McConnell, Jr.
United States District Judge

October 16, 2013